```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| MEAGHAN ELIZABETH HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA DOHMEN, individually | ) | MEMORANDUM AND ORDER |
| and in her official capacity, | ) | |
| and JANE DOE, One through | ) | |
| Ten, individually and in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The defendants have moved to dismiss the plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Filing 15. The plaintiff's complaint alleges the defendants violated her rights and privileges secured under the Indian Child Welfare Act, 25 U.S.C. § 1901, et. seq., (hereinafter "ICWA").

For the reasons discussed hereafter, the court finds the plaintiff's complaint against the defendants in their official capacity must be dismissed, but denies the defendants' motion to dismiss the plaintiff's claim against defendant Dohman in her individual capacity.

                        STANDARD OF REVIEW

   The court must review the allegations of the plaintiff's complaint to determine the merits of defendants' motion to dismiss.

>   Federal Rule of Civil Procedure 8(a)(2) requires only a
>   short and plain statement of the claim showing that the

> pleader is entitled to relief, in order to give the
> defendant fair notice of what the . . . claim is and
> the grounds upon which it rests. . . .  While a
> complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, . . . a
> plaintiff's obligation to provide the grounds of his
> entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. . . .  Factual
> allegations must be enough to raise a right to relief
> above the speculative level, . . . on the assumption
> that all the allegations in the complaint are true
> (even if doubtful in fact). . . .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(internal citations and quotation marks omitted)(overruling Conley v. Gibson, 355 U.S. 41, 45 (1957)).

## THE PLAINTIFF'S COMPLAINT

The plaintiff's complaint alleges:

Defendant Linda Dohmen and other employees of the Nebraska Health and Human Services System violated the plaintiff's rights secured under the federal Indian Child Welfare Act of 1978.  The plaintiff alleges she is the biological mother of Kenten Hansen, and that both she and Kenton Hansen are enrolled members of the Iowa Tribe of Kansas and Nebraska.  Filing 5, ¶ 8.

The plaintiff alleges the defendants knew the plaintiff and Kenton Hansen were tribe members, yet they ignored this fact while initiating and overseeing a process that culminated in Kenton Hansen's adoption by a non-Indian family.  The plaintiff specifically alleges the defendants repeatedly and with malicious intent ignored and violated the provisions of 25 U.S.C. § 1912(d) of the ICWA by:

2

- Placing Kenton Hansen in foster care without first providing remedial services and rehabilitative programs designed to prevent the breakup of his Indian family, and satisfying a court that such efforts were made. Filing 5, ¶¶ 11-12.

- Failing to present sufficient evidence that Kenten Hansen's continued custody by his Indian parent was likely to result in serious emotional or physical damage.  Filing 5, ¶ 13.

- Failing to make certain that plaintiff's relinquishment of parental rights was recorded before a court of competent jurisdiction.  Filing 5, ¶ 16.

- Placing plaintiff's son with non-Indian foster and adoptive parents without good cause.  Filing 5, ¶ 17.

The complaint further alleges defendant Dohmen coerced the plaintiff to relinquish her parental rights on June 20, 2003 through the use of threats, fraud and duress while the plaintiff was hospitalized and under the influence of morphine, and as a result thereof, the plaintiff's familial relationship with Kenton Hansen was terminated.  Filing 5, ¶¶ 14-15.

Finally, the complaint alleges defendants Doe failed to adequately hire, train, supervise, and discipline Health and Human Services social workers, thereby ratifying defendant Dohman's unlawful conduct and demonstrating the existence of a de facto policy or custom that tolerates and promotes social worker misconduct and violation of ICWA rights.  Filing 5, ¶¶ 18-20.

The plaintiff seeks an award of damages and attorney fees. Filing 5, p. 6-7 (prayer for relief).

3

LEGAL ANALYSIS

The defendants argue that plaintiff's claim for damages against the defendants in their official capacity is barred by Eleventh Amendment immunity.  They further claim the plaintiff has already litigated the issue of when the ICWA became applicable to the child placement, relinquishment, and adoption proceedings at issue in this case; the ruling in In re Adoption of Kenten H., 272 Neb. 846, 855, 725 N.W.2d 548, 555 (2007) has preclusive effect in this litigation under the doctrine of collateral estoppel; and applying this Nebraska Supreme Court ruling, the plaintiff's complaint fails to state any claim that the defendants violated her rights under the ICWA.  The defendants argue that in the absence of any potential claim under the ICWA, the plaintiff has failed to allege any rights protected or secured under federal law were violated, cannot state a claim under 42 U.S.C. § 1983, and this court lacks federal question subject matter jurisdiction.

    A.   Eleventh Amendment Immunity

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998).  Sovereign immunity does not bar damage claims against state officials acting in their individual capacities, nor does it bar § 1983 claims seeking equitable relief from state employee defendants acting in their official capacity.  However, damage claims against state employees acting in their official capacities are barred by the Eleventh Amendment.  Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997).

4

The plaintiff's complaint does not seek prospective relief. The plaintiff seeks general, special, pecuniary, and punitive damages, and an award of attorneys fees.  Filing 5, p. 6.  To the extent she seeks this recovery from the defendants, all of whom are allegedly state employees, for conduct performed in their official capacities, such claims must be dismissed as barred by the Eleventh Amendment.[1]  See <u>Burlison v. U.S.</u>, 627 F.2d 119, 122 (8th Cir. 1980)(holding that a court may dismiss a complaint based on immunity if the defense is established on the face of the complaint).

    B.    Collateral Estoppel.

The defendants claim the plaintiff's complaint must be dismissed in its entirety on the basis of issue preclusion.  They argue that <u>In re Adoption of Kenten H</u>., 272 Neb. 846, 855, 725 N.W.2d 548, 555 (2007), held that the ICWA was not applicable to actions occurring prior to October 8, 2003.  The defendants claim the plaintiff is bound by this prior Nebraska Supreme Court ruling, and since her pending federal complaint rests solely on alleged events occurring prior to October 8, 2003, she cannot state a claim that her rights under the ICWA were violated.

Although the parties have not addressed the issue, the court initially notes that a Rule 12(b)(1) and Rule 12(b)(6) motion is generally not the proper procedural vehicle for seeking dismissal

---

[1] The court notes that the plaintiff's brief appears to concede this point.  It does not address the defendant's Eleventh Amendment argument or the plaintiff's official capacity claims, and concludes by stating, "WHEREFORE, Plaintiff respectfully requests that the Defendant's Motion to Dismiss be overruled with respect to the Defendant Dohmen in her individual capacity." Filing 19, p. 4.

of the plaintiff's complaint based on the affirmative defense of collateral estoppel.  U.S. Gypsum Co. v. Indiana Gas Co., Inc. 350 F.3d 623, 626 (7th Cir. 2003)(holding dismissal of a complaint on basis of issue preclusion was improper because the allegations of the complaint stated a claim, the complaint did not alleg[e] (and thus admit[]) the ingredients of a defense," and "[c]omplaints need not anticipate or attempt to defuse potential defenses"); Berwind Corp. v. Commissioner of Social Security, 307 F.3d 222, 234 (3d Cir. 2002)("Res judicata is an affirmative defense and not a doctrine that would defeat subject matter jurisdiction of this court.").  The merits of a collateral estoppel defense should be raised and resolved by summary judgment under Rule 56 or by trial.  American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 Fed. Appx. 662, 664, 2004 WL 2297150, 1 (5th Cir. 2004)("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial."); Garcia v. International Elevator Co., Inc., 358 F.3d 777, 782 (10th Cir. 2004)("Whether res judicata or collateral estoppel bars this action in whole or part is more appropriately decided in the context of a motion for summary judgment than it is in the context of a defendant's motion to dismiss.")

     However, the plaintiff has not objected to resolving the defendants' issue preclusion defense by motion to dismiss, no prejudice will arise by doing so, and the court may therefore address the substantive merits of the defendants' collateral estoppel defense as raised in the pending motion.  Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 570 n. 2 (5th Cir. 2005)(holding that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense," but resolving the motion because the

6

plaintiff raised no procedural objection); In re Sonus Networks, Inc, Shareholder Derivative Litigation, 499 F.3d 47, 56 (1st Cir. 2007)(holding that although res judicata is an affirmative defense, where the defendant raises the issue by a motion to dismiss, and the plaintiff does not object to the procedure, the court may resolve the issue on such a motion).  Moreover, even if the matter is not properly before the court as a Rule 12(b)(6) motion, the court may sua sponte deem the motion as one for summary judgment and decide the merits of the collateral estoppel defense.  Moch v. East Baton Rouge Parish School Bd., 548 F.2d 594, 596 n. 3 (5th Cir. 1977)("Generally, a party cannot base a 12(b)(6) motion on res judicata," but the court can sua sponte consider such motions and issue a ruling under Rule 56).

   The court notes the plaintiff has raised no procedural objection to the defendants' motion, and the parties have mutually advanced the Nebraska Supreme Court's decision in In re Adoption of Kenten H. for the court's consideration of the defendants' motion.  The court will therefore judicially notice the decision in In re Adoption of Kenten H. as either authority or evidence relevant to defendants' claim of issue preclusion, and will address the collateral estoppel issues raised on the merits.

   "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  "The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. . . .  Thus, res judicata and collateral estoppel not only reduce unnecessary litigation and foster

reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen, 449 U.S. at 95-96.

Defendants seeking a judgment based on issue preclusion must prove the plaintiff in the pending federal case was a party, or in privity with a party, to a prior lawsuit; the issue sought to be precluded in the pending case was raised, actually litigated, and determined by a valid and final judgment in the prior case; and the determination in the prior action was essential to the judgment in that case. Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007). The plaintiff in this pending federal case was the plaintiff in In re Adoption of Kenten H. The Nebraska Court held that the NICWA applies only prospectively from the date Kenten Hansen's Indian child status was established of record, and this determination was the "critical issue," (In re Adoption of Kenten H., 272 Neb. at 854, 725 N.W.2d at 554), and therefore essential to that Court's decision denying the plaintiff relief under the NICWA. Accordingly, the question before this court is whether the plaintiff raised and litigated, and the Nebraska Supreme Court ruled against the plaintiff on a material issue that she now seeks to re-litigate in this forum.

The plaintiff's state court complaint raised a claim under the Nebraska Indian Child Welfare Act and Nebraska's statutes governing termination of parental rights and adoption proceedings. Her state court complaint "sought to set aside Kenten's adoption because her relinquishment 'was obtained through fraud, threats, coercion and duress' and because her consent was obtained in violation of certain DHHS regulations and provisions of [the Nebraska Indian Child Welfare Act, ("NICWA")]." Id. at 852, 725 N.W.2d at 553. Relying on In re

8

S.B., 130 Cal. App. 4th 1148, 30 Cal. Rptr. 3d 726 (2005), State ex rel. Juv. Dept. v. Tucker, 76 Or. App. 673, 710 P.2d 793 (1985), In Interest of A.G.-G, 899 P.2d 319 (Colo. App.1995), and People in Interest of A.E., 749 P.2d 450 (Colo. App. 1987), the Nebraska Supreme Court concluded "Kenten's status as an Indian child was established on the record when the Iowa Tribe entered its appearance in the adoption proceeding on October 8, 2003, 8 days after entry of the decree of adoption." In re S.B. raised claims for relief under the federal Indian Child Welfare Act, 25 U.S.C. § 1901 et seq.; State ex rel. Juv. Dept. v. Tucker, In Interest of A.G.-G, and People in Interest of A.E. raised claims under both the federal ICWA and relevant state law. The Nebraska Court reasoned that "[t]hese cases establish that the provisions of ICWA and NICWA apply prospectively from the date Indian child status is established on the record." In re Adoption of Kenten, 272 Neb. at 855, 725 N.W.2d at 555. It therefore held that "NICWA applies prospectively" from October 8, 2003, and "[b]ecause NICWA applies only prospectively from the date it is established on the record, Meaghan may not now argue that her consent to Kenten's relinquishment is invalid because it was not obtained pursuant to the substantive provisions of § 43-1506(1)" of the NICWA. Id.

In re Adoption of Kenten H. cited to federal law and cases interpreting federal law as instructive when determining the meaning and application of the NICWA. However, the plaintiff's complaint did not raise a federal ICWA claim, and the Nebraska Supreme Court's decision did not determine the plaintiff's rights, if any, under the federal ICWA. Specifically, the Nebraska Supreme Court held that the NICWA did not apply to acts that allegedly occurred before October 8, 2003. This court is aware that "[t]he NICWA provisions correspond closely to the

9

ICWA," (<u>In re Adoption of Kenten,</u> 272 Neb. at 853, 725 N.W.2d at 554), and the decision in <u>In re Adoption of Kenten</u> and the cases cited therein may later prove to be highly persuasive in determining the plaintiff's rights under the federal ICWA. However, <u>In re Adoption of Kenten</u> did not hold that the federal ICWA applies prospectively from October 8, 2003.

Accordingly, the plaintiff's complaint cannot be dismissed under Rule 12(b)(6) or Rule 56 on the basis of issue preclusion. The complaint alleges a claim arising under the ICWA. This court therefore has federal question subject matter jurisdiction, and the case is not subject to dismissal under Rule 12(b)(1).

IT THEREFORE HEREBY IS ORDERED: The defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (filing 15), is granted in part and denied in part as follows:

1. The plaintiff's claims against the defendants in their official capacity are dismissed.

2. The defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

3. The defendants' motion to dismiss on the basis of issue preclusion is denied.

DATED this 7th day of May, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge