IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RITA McCLURE as next friend to MEAGHAN ELIZABETH HANSEN, | ) ) ) | |
| Plaintiff, | ) ) | 4:07 CV 3159 |
| v. | ) ) ) | |
| LINDA DOHMEN, Individually and in her official capacity; and JANE DOE One through Ten, individually and in their official capacities, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on the defendants' motion for summary judgment. The motion is supported by a statement of facts, an index of evidence, and a brief. The plaintiff has opposed the motion, supporting her opposition with a statement of controverted facts, an index of evidence and a brief.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences without assessing credibility. Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1156 (8th Cir. 1999).

A motion for summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the

just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. at 327.  In response to the moving party's evidence, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.

> Once the moving party has met its burden of showing "the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law[,] . . . the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."

Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003) (quoting Stone Motor Co. v. Gen. Motors, Corp., 293 F.3d 456, 465 (8th Cir. 2002)(internal citations omitted)).

The Supreme Court has also clearly defined the qualified immunity analysis.  The court must ask whether:

> "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right This must be the initial inquiry."  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If, and only if, the court finds a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established ... in light of the specific context of the case." Ibid.

Scott v. Harris, 550 U.S. 372, 379 (2007) (omission in original).  Both the Supreme Court and this circuit "'repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Saucier, 533 U.S. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curiam)); see Schatz

2

Family ex rel. Schatz v. Gierer, 346 F.3d 1157, 1160 (8th Cir. 2003).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380 (2007); See also, O'Neil v. City of Iowa City, Iowa, 496 F.3d 915 (8th Cir 2007).

ARGUMENTS

Generally, the defendants argue that all actions taken by the defendants regarding the plaintiff and the adoption of her son were done in good faith and in compliance will all applicable state and federal laws. They claim they did not at any time knowingly or recklessly violate any clearly established constitutional rights of the plaintiff, and therefore, they are entitled to qualified immunity. Defendants further argue that just prior to signing the relinquishment at issue, both plaintiff and plaintiff's attorney told Dohmen unequivocally that the plaintiff was then competent and willing to execute the relinquishment. Finally, defendants argue

that this court is bound by the *Rocker-Feldman* doctrine to follow the state court judgment in In Re Adoption of Kenten H., 272 Neb. 846 (2007).

Plaintiff counters that the defendants' evidence does not establish that there was no violation of the Indian Child Welfare Act; and further that plaintiff's rights under that Act were violated when she was pressured, by fraud and duress, to execute the relinquishment form while hospitalized and receiving morphine; defendants did not comply with the notice provisions of the Indian Child Welfare Act even though they knew Kenten H. was a member of or eligible to be enrolled as a member of the Iowa Tribe of Kansas and Nebraska; and finally, that the *Rocker-Feldman* doctrine does not apply because In Re Adoption of Kenten H. did not address the federal claims raised in this case.

Plaintiff brings her complaint under 42 U.S.C. 1983, alleging that defendants violated the Indian Child Welfare Act, 25 U.S.C. § 1901, et seq. Specifically, the complaint alleges that defendants knew that plaintiff and her minor child, Kenten, were members of or were eligible to be members of the Iowa Tribe of Kansas and Nebraska, and despite such knowledge effected a foster care placement of Kenten without compliance with 25 U.S.C. 1912(d), that is, without providing remedial services and rehabilitative programs designed to prevent the breakup of an Indian family, and without presenting affirmative evidence of such efforts to a court showing such efforts, and further violated 25 U.S.C. 1912(e) by effecting such placement without showing a court by clear and convincing evidence, that Kenten's continued custody by his Indian parent was likely to result in serious emotional or physical damage to him. Plaintiff's Complaint, Filing No. 5, ¶¶ 9-13. Further, Plaintiff alleges that the relinquishment of parental rights signed by her on June 3, 2003 was obtained through fraud and duress in violation of

4

applicable Nebraska law and regulations, and was not recorded before a judge of a court of competent jurisdiction in violation of 25 U.S.C. § 1913(a). Id. ¶ 16. Finally, plaintiff alleges that Kenten was placed for foster care and adoption with a non-Indian family without good cause, in violation of 25 U.S.C. 1915. Id. ¶ 17. Plaintiff seeks damages, but such relief is not available under the Indian Child Welfare Act. See, Fletcher v. State of Fla., 858 F. Supp. 169 (M.D. Fla. 1994).[1]

FACTS

Evidence before the court

The only evidence presented to the court relevant to the summary judgment motion consists of:

- Affidavit of Linda Dohmen, Filing No. 34, Exh. 2.
- Deposition of Linda Dohmen, Filing No. 34, Exh. 3.
- Deposition of Kirk Wolgamott, Filing No. 34, Exh. 4.
- Deposition of Meaghan Hansen, Filing No. 34, Exh. 5.
- Deposition of Patrick McClure, Filing No. 38, Exh. 2.

All of the depositions were taken the corresponding adoption case, In the Matter of the Adoption of Kenten Hansen, A Minor Child, in

---

[1] If an Indian child is removed improperly from the custody of his or her parent, § 1920 provides for return of the child to the parent: "Where any petitioner in an Indian child custody proceeding before a State court has improperly removed the child from custody of the parent ... the court shall decline jurisdiction over such petition and shall forthwith return the child to his parent...." ICWA, 25 U.S.C. § 1920.

5

the County Court of Lancaster County, Nebraska, Case No. AD03-59.[2]
Several have attached exhibits.

Uncontroverted Facts

The only uncontroverted facts, according to the parties' briefs, are:

> Plaintiff is a citizen of the United States, a resident of the State of Nebraska, and an enrolled member of the Iowa Tribe of Kansas and Nebraska, a tribal entity recognized by and eligible to receive services from the United States Bureau of Indian Affairs.

> At all relevant times, Defendant Linda Dohmen was a protection and safety worker employed by the Nebraska Health and Human Services System. In committing the acts and omissions alleged in the Complaint, Defendant Dohmen was acting under color of law and within the course and scope of her employment as a protection and safety worker for the Nebraska Health and Human Services System.

> On June 3, 2003 Plaintiff was hospitalized for treatment of a kidney stone.

---

[2] In that case plaintiff challenged the adoption of Kenten Hansen in the Lancaster County Court. The adoptive parents moved to dismiss the plaintiff's petition. The court granted the motion to dismiss, and on appeal, the Nebraska Supreme Court, reversed the dismissal and remanded the matter to the County Court for further proceedings. In Re Adoption of Kenten H., 272 Neb. 846 (2007). There is nothing in the record before this court concerning the subsequent proceedings in that case or its conclusion.

> On June 20, 2003 Plaintiff executed a relinquishment of her parental rights to her minor child K.H.

> Following her execution of the relinquishment plaintiff never communicated to her attorney any fraud, duress, threat, or coercion committed by Defendant Dohmen.

All other factual assertions are controverted, including, (1) whether defendant Dohmen exercised undue influence over Meaghan Hansen to obtain her signature on a relinquishment of parental rights at a time when Hansen was hospitalized and receiving morphine; (2) whether Meaghan Hansen's statements on a questionnaire, to the effect that she was being threatened with the loss of her other children if she did not sign the relinquishment are admissible and true; (3) whether, if they are true, that would constitute "fraud and duress" under the Indian Child Welfare Act; (4) whether defendant Dohmen knew or should have known that Kenten Hansen was or was eligible to be a member of a Native American tribe; (5) whether Linda Dohmen acted in objective good faith in taking the actions she did; and (6) whether any actions of the defendant violated the Indian Child Welfare Act.

The evidence before the court is insufficient to establish that there are no issues of material fact to be decided at a trial. Virtually all of the material facts set forth by defendants are controverted by plaintiff, usually on the bases of the deposition of Meaghan Elizabeth Hansen, the child's mother, and also her statements made in a questionnaire accompanying her relinquishment of parental rights.  This factual record is too sparse to support a motion for summary judgment.  There are other issues that should be resolved, however.

Plaintiff's Status

This court was informed in 2008 that Meaghan Hansen was injured due to an accident in July of that year, to the extent that she was "unresponsive." Motion to Substitute Party, Filing No. 23. There is no other representation concerning her present condition other than counsel's statements that she is disabled. Therefore I cannot determine whether her deposition testimony and/or other written documents purporting to have been signed by her are actually likely to be admissible at a trial. As no objection has been interposed to my considering these documents, however, I have considered them in connection with this motion for summary judgment.

Status of In Re Adoption of Kenten H., 272 Neb. 846 (2007)

Defendants want this court to apply the *Rocker-Feldman* doctrine to bar the plaintiff's claims. However, there has been no argument as to how it might apply to this case, particularly when the opinion of the Nebraska Supreme Court was not a final judgment, but a remand. No further information is before this court. To be sure, there may be some issues to which the doctrine might apply, or to which claim or issue preclusion might apply, but without any information on the status of that case, it is impossible to consider them.[3]

---

[3] "We have recognized that under the mandate branch of the law-of-the-case doctrine," [a] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. . . ." (Pennfield Oil Co. v. Winstrom, 276 Neb. 123, 138 (2008). An issue is not considered waived if a party did not have both an opportunity and an incentive to raise it in a previous appeal. Id. Also, we have recognized that an exception to the law-of-the case doctrine applies if a party shows a material and substantial difference in the facts on a matter previously addressed by an appellate court. Id.

Relief Sought

Plaintiff needs to state and justify what relief is being sought by this lawsuit. No specific declaratory or injunctive relief is sought and the only relief that is sought--damages--is not available under the Indian Child Welfare Act. If no monetary damages are available under that Act, does establishing a violation of it via 42 USC § 1983 suddenly open a door for an award of damages?

Jane Does 1-10

Since the plaintiff had the burden of coming forth with evidence establishing the bases of her claims against each defendant, and no evidence has been filed regarding the anonymous defendants, I shall grant summary judgment with respect to them. The only defendant remaining is Linda Dohmen, in her individual capacity.

With that exception, however, the motion for summary judgment must be denied.

IT THEREFORE HEREBY IS ORDERED: Defendants' motion for summary judgment, filing no. 33, is granted in part, and defendants Jane Doe 1-10 are dismissed. In all other respects the motion is denied.

DATED March 24, 2009

        BY THE COURT:

        s/ *David L. Piester*
        United States Magistrate Judge

---

County of Sarpy v. City of Gretna, 276 Neb. 520, 525 (2008). This court cannot know if any exception to the rule has been applied in the case without knowledge of its ultimate outcome.