IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RITA MCCLURE, as Next Friend to Meaghan Hansen, | ) ) ) | |
| Plaintiff, | ) ) | 4:07CV3159 |
| v. | ) ) | |
| LINDA DOHMEN, in her individual capacity, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

The court issued a memorandum and order on March 24, 2009 which, as to defendant Linda Dohmen, denied the defendant's motion for summary judgment.  Filing No. 40.  The defendant has now filed a motion for reconsideration, filing no. 43.

As the following explains, there are several ongoing problems in this case.  The following outlines the background of the case as it relates to its current status.

On March 14, 2008, the defendant filed a motion to dismiss which argued:

- Plaintiff's claim against the State, and Linda Dohmen in her official capacity, is barred by the Eleventh Amendment;

- The plaintiff is collaterally estopped from arguing her rights under the Indian Child Welfare Act were violated; and

- Since the plaintiff cannot assert a viable claim under the ICWA, the court lacks subject matter jurisdiction.

Filing No. 16.  The defendant's motion to dismiss never mentioned Rooker-Feldman abstention, and this court noted at the time that

In re Adoption of Kenten H., 272 Neb. 846, 855, 725 N.W.2d 548,
555 (2007), did not finally resolve all issues between the
parties.  Specifically, the Nebraska Supreme Court remanded
certain issues raised for further proceedings.

        In ruling on the defendant's motion to dismiss, the court
held the plaintiff's damage claims against the State, and Linda
Dohmen in her official capacity, were barred by sovereign
immunity.  Although noting that collateral estoppel is an
affirmative defense which is not typically raised and resolved by
a motion to dismiss the plaintiff's complaint, the court
nonetheless considered the defendant's arguments.  The court held
that since the plaintiff in In re Adoption of Kenten H., 272 Neb.
846, 855, 725 N.W.2d 548, 555 (2007), did not raise a claim under
the ICWA, the Nebraska Supreme Court's decision did not rule on
the merits of an ICWA claim.  Accordingly, there was no final
ruling on plaintiff's ICWA claim, no issue preclusion as to that
claim, and defendant's motion to dismiss on the basis of
collateral estoppel was denied.  Filing No. 20.

        The defendant filed an answer.  Filing No. 21.  The answer
raised sovereign immunity and qualified immunity as affirmative
defenses.  The defendant did not allege the affirmative defenses
of collateral estoppel or res judicata, and did not challenge
this court's jurisdiction under Rooker-Feldman abstention.
Filing No. 21.

        The defendant filed a motion for summary judgment on
February 2, 2009.  Filing No. 33.  The defendant's brief argued
the defendant is entitled to summary judgment based on the
affirmative defenses in defendant's answer, including qualified
immunity and the Rooker-Feldman doctrine.  The defendant further

2

argued the plaintiff unequivocally relinquished her parental rights, was competent when she did so, and any claim for damages based on the defendant's alleged overreaching and coercion must be denied.  Filing No. 34.

Upon consideration of the evidence submitted by the parties, the court held that factual issues were raised and the defendant was not entitled to qualified immunity as a matter of law. Filing No. 40.  The court further advised counsel that the following issues needed to be addressed:

- Whether and how the Rocker-Feldman doctrine applies to this case; and

- Whether the plaintiff can recover damages under 42 U.S.C. § 1983 for an alleged violation of the Indian Child Welfare Act.

- How and if this case can proceed if the plaintiff is and remains "unresponsive."

The first of these issues questions the court's subject matter jurisdiction.  Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over challenges to state court decisions in judicial proceedings.  Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

As to the Rooker-Feldman issue, the defendant has now filed a motion for reconsideration.  The court specifically notes that in In re Adoption of Kenten H., 272 Neb. 846, 858-859, 725 N.W.2d 548, 557 (Neb. 2007), the Nebraska Court remanded the case for further proceedings to determine if the plaintiff's consent to adoption was obtained by fraud or duress.  This court has never been provided with any information on how the case proceeded and was decided on remand.  Although the defendant's index of

3

evidence in support of reconsideration states the defendant is offering the "Order Dismissing Petition to Vacate Adoption," this document was not filed, and even if it was, the court has no way of knowing if this document would explain what was fully and fairly litigated on remand.  Filing No. 42.  Simply stated, this court does not know what happened in the state court after In re Adoption of Kenten H. was remanded, and does not know how, or if, the lower court ruled on plaintiff's fraud and duress claims.

The defendant's brief on reconsideration argues the defense of collateral estoppel, which was raised by motion to dismiss but then not raised in the defendant's answer.  The defendant's reconsideration brief also raises, for the first time, res judicata as a defense, which is also not alleged in the answer. Finally, the defendant has never asked the court to interpret and apply the ICWA, but continues to argue that the Nebraska Supreme Court has already done so and the plaintiff is bound by that decision.  As the court's memorandum and order of defendant's motion to dismiss signaled, "the decision in In re Adoption of Kenten and the cases cited therein may later prove to be highly persuasive in determining the plaintiff's rights under the federal ICWA," (filing no. 20, p. 10), but it decided plaintiff's rights under the NICWA, not the federal ICWA.

The court's memorandum and order of defendant's motion for summary judgment also noted the plaintiff is requesting damages, and it is unclear whether and under what circumstances the plaintiff may be entitled to recover damages for an alleged ICWA violation.  The plaintiff has not alleged a common law claim for recovery.  If she cannot recover damages, the court questions whether her complaint must be dismissed because the only

4

requested relief is damages, and if not dismissed, whether she is entitled to a jury trial.

Finally, the plaintiff is apparently "unavailable" and "unresponsive," but the court has never been told why she cannot participate in her own case.  The defendant's motion for reconsideration requests sanctions and states, on information and belief, that plaintiff's unavailability is "due to her own voluntary act and deed."  Filing No. 43, p. 2.

To summarize, it is unclear at this point:

1)   Whether this court has subject matter jurisdiction;

2)   What affirmative defenses are being raised by the defendant and the potential merit of those defenses;

3)   Whether the ICWA permits the plaintiff to recover the relief she requests and if not, whether the case should be dismissed;

4)   Whether the plaintiff is entitled to a jury trial; and

5)   Whether the plaintiff is truly unavailable or if, by her own voluntary act and deed, had thwarted the defendant's opportunity to prepare for trial.

The court cannot proceed until the jurisdictional challenge raised by the defendant is resolved, and as to the substantive claims and defenses, the case is not currently ready, and will not be ready, for a May 1, 2009 pretrial conference and a May 11, 2009 trial.

IT THEREFORE HEREBY IS ORDERED:

A.   Any motion by the defendant to amend the pleadings shall be filed in accordance with this court's local rules by April 24, 2009.  Any opposition brief on any motion for leave to amend shall be filed by May 1,

2009.  No reply brief shall be filed absent leave of the court for good cause shown.

B.   As to the remaining issues identified in this memorandum and order:

    1.   On or before May 8, 2009, the parties shall file their briefs and evidence on the following issues:

        a)   Whether this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine;

        b)   Whether the ICWA can provide the legal basis for recovery of damages against the defendant;

        c)   Whether the plaintiff is entitled to a jury trial; and

        d)   Whether the plaintiff should be sanctioned or this case dismissed because the plaintiff remains "unavailable" and "unresponsive."

    2.   On or before May 22, 2009, the parties shall file any responsive briefs and evidence.

    3.   Any reply briefs shall be filed on or before May 29, 2009.

C.   The pretrial conference and trial of this case are continued until further order of the court.


DATED this 10th day of April, 2009.

           BY THE COURT:

           s/ *David L. Piester*

           David L. Piester
           United States Magistrate Judge